BRENDAN H. LITTLE
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
Facsimile: (716) 853-5199
Email: blittle@lippes.com

*Pro Hac Vice* Attorney for Defendants
ACCOUNT DISCOVERY SYSTEMS, LLC and
DNF ASSOCIATES, LLC

JEFF POOLE
**HAMRICK & EVANS, LLP**
2600 West Olive Avenue, Suite 1020
Burbank, CA 91505
Telephone: (818) 763-5292
Facsimile: (818) 763-2308
Email: jpoole@hamricklaw.com

Attorneys for Defendants
ACCOUNT DISCOVERY SYSTEMS, LLC and
DNF ASSOCIATES, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PAVLOVICH, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACCOUNT DISOCVERY SYSTES, LLC and DNF ASSOCIATES, LLC<br><br>Defendants. | CASE NO. 17-cv-412-AJB-KSC<br><br>**DEFENDANT DNF ASSOCIATES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>Hon. Anthony J. Battaglia<br><br>DATE: 1/11/2018<br>TIME: 2:00 p.m.<br>CTRM: Courtroom 4A |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 3

    I. The FDCPA Only Applies to "Debt Collectors" ........................................................ 3

        A.  DNF is Not a "Debt Collector" as Defined by the FDCPA ..................... 4

            i.  Plaintiff has Failed to Plausibly Allege that DNF's "Principal Purpose" is Debt Collection ......................................... 5

            ii. DNF, a Purchaser of Debts, Can Never Meet the Statutory Definition of Debt Collector ................................... 10

    II.  The RFDCPA Only Applies to "Debt Collectors" ................................................ 11

        A.  DNF, a Passive Debt Buyer, Can Never Meet the Statutory Definition of Debt Collector ............................................... 12

    III. The FDBPA Is Inapplicable Because DNF Did Not Send The Validation Notice ................................................................................... 13

CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal,
556 U.S. 662 (2009) .................................................................................... 5, 6

Baldin v. Wells Fargo Bank, N.A.,
2013 WL 794086 (D. Or. Feb. 12, 2013) ....................................................... 4

Barber v. Rubin Lublin, LLC,
2013 WL 6795158 (N.D.Ga. Dec. 20, 2013) ................................................. 7

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007) .................................................................................... 5, 6

Branson v. Recontrust Co., N.A.,
2012 WL 1473395 (D. Or. April 26, 2012) .................................................... 4

Challenger v. Experian Info Solutions, Inc.,
2007 WL 895774 (D.N.J. Mar. 22, 2007) .................................................. 6, 10

Curten v. Qualify Loan Service Corporation,
2015 WL 4464582 (C.D. Cal. July 21, 2015) .............................................. 7, 8

Giotta v. Ocwen Fin. Corp.,
2015 WL 8527520 (N.D. Cal. Dec. 11, 2015) ............................................... 13

Gold v. Midland Credit Mgmt., Inc.,
82 F. Supp. 3d 1064 (N.D. Cal. 2015) ........................................... 4, 9, 10, 12

Grier v. Simmons & Clark Jewelers,
2012 WL 1247171 (E.D. Mich. Feb. 17, 2012) ............................................ 10

Henson v. Santander Consumer USA, Inc.,
___ U.S. ___, 2017 WL 2507342 (June 12, 2017) ........................................ 5

Horsewood v. LSI Title Co. of Oregon, LLC,
582 F. Appx. 674 (9th Cir. 2014) .................................................................. 4

Hunt v. Wells Fargo Bank, NA,
576 F. Appx. 693 (9th Cir. 2014) .................................................................. 6

Huy Thanh Vo v. Nelson & Kennard,
931 F. Supp. 2d 1080 (E.D. Cal. 2013) ......................................................... 3

Izenberg v. ETS Services, LLC,
589 F.Supp.2d 1193 (C.D.Cal.2008) ............................................................. 3

Jara v. Aurora Loan Servs., LLC,
    633 F. Appx. 651 (9th Cir. 2016) .................................................................. 4

Johnson v. Franchise Tax Bd.,
    61 F. Appx. 494 (9th Cir. 2003) .................................................................... 4

Junod v. Mortgage Electronic Registration Systems, Inc.,
    584 F. Appx. 465 (9th Cir. 2014) .................................................................. 6

Kasalo v. Trident Asset Management, LLC,
    53 F. Supp.3d 1072 (N.D. Ill. 2014) ..................................................... 4, 9, 10

Kloth v. Citibank (S.D.),
    33 F. Supp.2d 115 (D. Conn. 1998) ............................................................. 10

Metro One Telecommunications, Inc. v. C.I.R.,
    704 F.3d 1057 (9th Cir. 2012) ..................................................................... 14

Miranda v. Field Asset Servs.,
    WL 124047 (S.D. Cal. Jan. 9, 2013) ............................................................. 3

Pollice v. Nat'l Tax Funding, L.P.,
    225 F.3d 379 (3d Cir. 2000) .......................................................................... 4

Ramsay v. Sawyer Property Management of Maryland, LLC,
    948 F.Supp.2d 525 (D. Md.2013) ................................................................. 7

Robinson v. Managed Accounts Receivables Corp.,
    654 F. Supp. 2d 1051 (C.D. Cal. 2009) ....................................................... 11

Rowe v. Educ. Credit Mgmt. Corp.,
    559 F.3d 1028 (9th Cir. 2009) ....................................................................... 3

Sanchez v. Abderrahman,
    2012 WL 1077842 (E.D.N.Y. Mar. 30, 2012) .............................................. 8

Schlegel v. Wells Fargo Bank, NA,
    720 F.3d 1204 (9th Cir. 2013) ................................................................... 6, 7

Von Bricken v. Royal,
    586 F. Appx. 378 (9th Cir. 2014) .................................................................. 4

Walters v. Metro. Educ. Enters., Inc.,
    519 U.S. 202 (1997) .................................................................................... 14

**Statues**

15 U.S.C. § 1692, *et seq*.................................................................................*passim*

Cal. Civ. Code § 1788, *et seq*.........................................................................*passim*

Cal. Civ. Code § 1788.50, *et seq*....................................................................*passim*

# INTRODUCTION

Defendant DNF Associates, LLC ("DNF") hereby moves this Court, pursuant to FED. R. CIV. P. 12(b)(6), to dismiss Plaintiff Juan Pavlovich's ("Plaintiff") First Amended Complaint in its entirety, with prejudice. As set forth below, DNF's Motion to Dismiss should be granted and the First Amended Complaint dismissed because the Plaintiff fails to sufficiently demonstrate that DNF meets the definition of "debt collector" under either the Fair Debt Collection Practices Act's ("FDCPA") or the Rosenthal Fair Debt Collections Practice Act ("RFDCPA"). Further, DNF cannot be found to have violated the California Fair Debt Buyer Practices Act ("FDBPA") because, as the First Amended Complaint alleges, DNF did not sent the correspondence that forms the basis of and is attached to the Amended Complaint.

# BACKGROUND

On October 17, 2017, 2017, Plaintiff filed his First Amended Complaint against Defendants Account Discovery Systems, LLC ("ADS") and DNF. (Doc. 40). Largely without distinguishing between the actions of ADS and DNF, Plaintiff's Complaint, styled as a class action, alleges two cause of action against the Defendants collectively based entirely on a letter Plaintiff received related to a debt incurred by Plaintiff. Specifically, Plaintiff's first cause of action alleges that Defendants violated the FDCPA and his second cause of action alleges that because Defendants violated the FDCPA they have also violated the RFDCPA. Finally,

- 1 -

Plaintiff's third cause of action against DNF only, again based on a letter Plaintiff received from ADS, alleges that DNF violated the FDBPA. *Id.*

Plaintiff's First Amended Complaint is based entirely on the letter attached to the Complaint as Exhibit 1. The First Amended Complaint, however, limits DNF's involvement in sending the letter to the fact that ADS sent a letter related to debt owned by DNF:

> While the letter was sent on ADS letterhead, the debt was allegedly owned by DNF, and in sending the Validation Notice ADS was acting on behalf of, at the direction of, and in association with DNF.

(Doc. 40, at ¶35). The allegations in the First Amended Complaint, however, clearly demonstrate that DNF had no role in the letter and is not a "debt collector" as defined by either the FDCPA or RFDCPA. Moreover, Plaintiff's conclusory allegation that DNF meets the statutory definition of a "debt collector" is insufficient to survive a motion to dismiss.

Simply put, as set forth in detail herein, DNF cannot be held liable, whether directly or vicariously, for the violations of the FDCPA or RFDCPA alleged in the Complaint because DNF does not meet either the FDCPA's or RFCDPA's statutory definition of "debt collector" as a matter of law. Accordingly, DNF's Motion to Dismiss should be granted and the First Amended Complaint dismissed in its entirety.

## ARGUMENT

### I. The FDCPA Only Applies to "Debt Collectors"

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." *See* 15 U.S.C. § 1692(e). Said differently, the FDCPA only applies to and governs the conduct of debt collectors. In fact, "[t]he threshold requirement to be held liable under the FDCPA is that the defendant falls within the Act's definition of 'debt collector.'" <u>Miranda v. Field Asset Servs.</u>, 2013 WL 124047, at *3 (S.D. Cal. Jan. 9, 2013) (citing <u>Izenberg v. ETS Services, LLC</u>, 589 F.Supp.2d 1193, 1198 (C.D.Cal.2008)). The statute defines the term debt collector as follows:

> (6) The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). It is well settled, however, that "a 'creditor' is not a 'debt collector' under the FDCPA." <u>Rowe v. Educ. Credit Mgmt. Corp.</u>, 559 F.3d 1028, 1031 (9th Cir. 2009); *see also* <u>Miranda</u>, 2013 WL 124047, at *3 (S.D. Cal. Jan. 9, 2013); <u>Huy Thanh Vo v. Nelson & Kennard</u>, 931 F. Supp. 2d 1080, 1087 (E.D. Cal. 2013) (collecting cases). Moreover, "courts have uniformly ruled against a theory for vicarious liability under the FDCPA when the underlying client is not a debt collector." <u>Miranda</u>, 2013 WL 124047, at *4 (holding that defendant did not meet

- 3 -

DNF Associates, LLC's Memorandum of Points and Authorities in Support of Its Motion to Dismiss

the definition of "debt collector" and thus could not be vicariously liable for the acts of a debt collector); *see also* Gold v. Midland Credit Management, Inc., 82 F. Supp. 3d 1064 (N.D. Cal. 2015); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1072, FN1 (N.D. Ill. 2014) (*citing* Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000)).

The Ninth Circuit has routinely affirmed the district court's dismissal of claims made by plaintiffs alleging that a defendant has violated the FDCPA where the defendant does not meet the definition of debt collector. *See* Johnson v. Franchise Tax Bd., 61 F. Appx. 494, 495 (9th Cir. 2003) ("[t]he district court properly dismissed [the Plaintiff's] claim under the FDCPA because the Franchise Tax Board is not a 'debt collector' as defined by the statute); *see also,* Jara v. Aurora Loan Servs., LLC, 633 F. Appx. 651 (9th Cir. 2016); Horsewood v. LSI Title Co. of Oregon, LLC, 582 F. Appx. 674, 675 (9th Cir. 2014); Von Bricken v. Royal, 586 F. Appx. 378 (9th Cir. 2014); *see also* Branson v. Recontrust Co., N.A., 2012 WL 1473395, *5 (D. Or. April 26, 2012); Baldin v. Wells Fargo Bank, N.A., 2013 WL 794086, *14 (D. Or. Feb. 12, 2013).

### A.  DNF is Not a "Debt Collector" as Defined by the FDCPA

As set forth above, there are generally two ways in which a defendant may qualify as a debt collector under the FDCPA: (1) where the defendant "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts;" or (2) where the defendant

- 4 -

"regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). The Amended Complaint generally alleges that DNF meets the definition of debt collector pursuant to the first prong of the statutory definition.[1] As set forth below, however, DNF does not meet this definition.

### i. Plaintiff has Failed to Plausibly Allege that DNF's "Principal Purpose" is Debt Collection

As stated above, in order to state a claim against DNF, the First Amended Complaint must plausibly allege that DNF meets the statutory definition of "debt collector." The First Amended Complaint fails to plausibly allege that the principal purpose of DNF's business is debt collection and, therefore, the First Amended Complaint should be dismissed.

Pursuant to the plausibility pleading standard established by the Supreme Court of the United States, Plaintiff has the burden of pleading factual content sufficient to allow the Court to draw the reasonable inference that DNF is a debt collector and is liable for the misconduct alleged. *See* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

---

[1] Of note, Plaintiff's initial Complaint alleged that DNF meet both of the prongs of the statutory definition. However, it appears that the second prong was dropped from the Amended Complaint in response to DNF's now mooted Motion for Summary Judgment, which argued that the Supreme Court's Recent Decision in <u>Henson v. Santander Consumer USA, Inc.</u>, ___ U.S. ___, 2017 WL 2507342, *2 (June 12, 2017) establishes that debt purchasers such as DNF cannot meet the FDCPA's second definition of "debt collector."

'entitlement to relief.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

The Ninth Circuit, in applying the foregoing principles, has consistently dismissed complaints in response to defense motions to dismiss where the allegations in a complaint fail to plausibly allege that the defendant is a debt collector. *See e.g.,* Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208-10 (9th Cir. 2013); Junod v. Mortgage Electronic Registration Systems, Inc., 584 F. Appx. 465, 468 (9th Cir. 2014); Hunt v. Wells Fargo Bank, NA, 576 F. Appx. 693, 964 (9th Cir. 2014); *see also* Challenger v. Experian Info Solutions, Inc., 2007 WL 895774 (D.N.J. Mar. 22, 2007) (granting defendant's motion to dismiss and rejecting the plaintiff's conclusion, without factual support, that defendant is a debt collector as defined by the FDCPA).

In this case, the First Amended Complaint alleges, in conclusory fashion:

> Plaintiff is informed and believes, and thereupon alleges, that Defendant DNF uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of consumer debts, and is therefore a "debt collector" as the term is defined by 15 U.S. section 1692a(6).

(Doc. 40, at ¶15). These allegations, however, are entirely conclusory and there is no specific allegation that demonstrates that DNF meets the statutory definition of a "debt collector".

The First Amended Complaint, like Plaintiff's original Complaint, lacks any factual allegations sufficient to plausibly allege that DNF's principal purpose is

- 6 -

debt collection. For example, the First Amended Complaint is devoid of any allegation that DNF took any steps or measures to collect on any debt at any time. In fact, the factual basis for the First Amended Complaint, like Plaintiff's original Complaint, is based entirely on a letter DNF did not send. The First Amended Complaint fails to allege that Plaintiff had even a single communication with anyone from DNF at any time or that she was even aware of DNF's existence during the time period referenced therein.

The present case is analogous to Curten v. Qualify Loan Service Corporation, 2015 WL 4464582 (C.D. Cal. July 21, 2015). In Curten, the plaintiff, like Plaintiff here, alleged in conclusory fashion that the defendant was a "debt collector" under the FDCPA. There the District Court dismissed plaintiff's second amended complaint, reasoning as follows:

> Curten's FDCPA claim must be dismissed for a more fundamental reason, however. He pleads no facts that could support a finding either that it is the principal purpose of defendants' businesses to collect debts or that defendants regularly collect debts owed to others. The second amended complaint alleges that defendants are debt collectors because they "received an assignment or transfer of a mortgage while the debt was in default." Absent additional facts concerning the nature of defendants' respective businesses, Curten has not adequately pled that they are debt collectors, and his FDCPA claim fails.

Id., at *5 (citing Schlegel, 720 F.3d at 1209; Barber v. Rubin Lublin, LLC, 2013 WL 6795158, *9 (N.D.Ga. Dec. 20, 2013); Ramsay v. Sawyer Property

Management of Maryland, LLC, 948 F.Supp.2d 525, 531–32 (D.Md.2013); Sanchez v. Abderrahman, 2012 WL 1077842, *5 (E.D.N.Y. Mar. 30, 2012)).

Just like the plaintiff in Curten, the Plaintiff here fails to offer sufficient facts regarding DNF's business to adequately pled that DNF is a debt collector under the FDCPA. In this regard, Plaintiff First Amended Complaint alleges in conclusory fashion as follows:

> 31. The sole and exclusive purpose of DNF purchasing the portfolio of multiple charged off consumer debts was for collection purposes.
>
> 32. DNF hired ADS to act as its agent to collect upon this alleged debt sometime in February of 2016.
>
> 33. Upon information and belief, and at all times relevant, DNF exercised control over the collection efforts of ADS as its agent, by such things as, but not limited to, including within the servicer agreement signed by both DNF and ADS the agreement that DNF at all times retained the right to inspect any and all collection efforts undertaken by ADS on behalf of DNF, and also retained the right to instruct ADS to cease any collection efforts with which DNF does not agree.
>
> 34. Sometime after March 2, 2016, Plaintiff received his first collection notice dated March 2, 2016 (hereinafter referred to as "Validation Notice") from Defendants, attempting to collect a debt in the amount of $1.997.73 (sic).
>
> 35. While the letter was sent on ADS letterhead, the debt was allegedly owned by DNF, and in sending the Validation Notice ADS was acting on behalf of, at the direction of, and in association with DNF.

(Doc. 40, at ¶¶31-35). Plaintiff's allegations that DNF is a "debt collector" thus,

- 8 -

appears to be based entirely on the fact that DNF entered into an agreement with a third-party to collect on a debt it owned. These allegations, however, are insufficient to survive a motion to dismiss. Specifically, Plaintiff has failed to allege any facts sufficient to plausibly allege that DNF's principal purpose is debt collection. The First Amended Complaint does not allege that DNF takes any affirmative action to collect on the debt it owns. Where a purchaser of debt retains a third-party to engage in collection activities but does not undertake any collection activity itself, the debt purchaser does not meet the "principal purpose" definition of "debt collector" under the FDCPA. *See* Gold, 82 F. Supp.3d at 1071-73; Kasalo, 53 F. Supp.3d at 1078-79.

Importantly, none of the allegations in the First Amended Complaint contain sufficient particularity to plausibly allege that DNF is a "debt collector" under the FDCPA. For example, the First Amended Complaint fails to allege what, if any, direction DNF provides to debt collectors with whom it conducts business or how DNF participates in or directs the actions of these debts collectors. Simply put, the First Amended Complaint contains mere conclusory allegations regarding DNF's status as a debt collector—that DNF's principal purpose is debt collection. According to the well settled decisional authority cited above, these types of conclusory allegations are insufficient to state a claim against DNF. Consequently, the First Amended Complaint should be dismissed in its entirety.

### ii. DNF, a Purchaser of Debts, Can Never Meet the Statutory Definition of Debt Collector

The First Amended Complaint does not allege that DNF took any steps to collect on Plaintiff's account other than the conclusory (and factually incorrect) allegation that DNF was somehow responsible for the letter attached to the Complaint as Exhibit A. However, when a party only owns an account, does not take affirmative action to collect on the account and contracts with third-parties for collection efforts, it cannot meet the first statutory definition of a debt collector—that its principal business purpose is the collection of debts. *See* Gold, 82 F. Supp. 3d at 1072; Kasalo, 53 F. Supp.3d at 1079; Grier v. Simmons & Clark Jewelers, 2012 WL 1247171 (E.D. Mich. Feb. 17, 2012) (a creditor does not become a debt collector simply because it hires a debt collector to collect its debts); Challenger, 2007 WL 895774 at *2 (a creditor can place the debts it owns in collections without becoming a debt collector itself); Kloth v. Citibank (S.D.), 33 F. Supp.2d 115, 119 (D. Conn. 1998) (Citibank is not a debt collector under the FDCPA merely because it retains a collection agency to collect its debts).

In Kasalo, the defendant moved for summary judgment dismissing the plaintiff's complaint because it did not perform collections and instead hired others to do so. *Id.* at 1077. The defendant did not send any letters or make any telephone calls. *Id.* at 1079. The defendant's name was on a letter, but the collection agency the defendant contracted with for collection services sent the letter. *Id.* at 1079. In

holding that the defendant was not a debt collector and dismissing the FDCPA claim against the defendant, the District Court stated "[a]n entity that acquires consumer's debt hoping to collect it but that does not have any interaction with the consumer itself does not necessarily undertake activities that fall within this purview." Id. at 1078-79.

In this case, the First Amended Complaint is devoid of any allegations that DNF actively collects on consumer debts. The decisional authority set forth above is clear that a passive debt purchaser such as DNF, who takes no efforts to collect on the accounts it owns, does not qualify as a debt collector under the principal purpose definition. Plaintiff has not alleged that DNF contacts debtors or takes any action to collect on the accounts it owns in any manner. In light of the fact that DNF is nothing more than a passive debt buyer, DNF can never meet the statutory definition of a debt collector under the FDCPA and the Complaint should be dismissed in its entirety.

## II. The RFDCPA Only Applies to "Debt Collectors"

"The California FDPCA, like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices." Robinson v. Managed Accounts Receivables Corp., 654 F. Supp. 2d 1051, 1060 (C.D. Cal. 2009). The RFDPCA defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). "Critical to [the] definition[] of the

term is the notion that a debt collector is one who directly or indirectly engages in collection activity." Gold, 82 F. Supp. 3d at 1072.

### A. DNF, a Passive Debt Buyer, Can Never Meet the Statutory Definition of Debt Collector

Passive debt buyers not engaged in the collection of debts are not, as a matter of law, debt collectors under the RFDCPA. Simply referring debts to outside agencies for servicing and/or collection is insufficient to meet this statutory definition. By way of example, in Gold, defendant Midland Funding purchased defaulted account, including the plaintiff's, from HSBC bank. Id. at 1070. Midland Funding then referred these accounts to MCM for collection. Id. Like here, plaintiff commenced a lawsuit against Midland Funding and MCM alleging that both parties violated the FDCPA and RFDCPA. While plaintiff agreed that Midland Funding did not "physically collect the debts", plaintiff argued that because Midland Funding was in the business of acquiring defaulted consumer debt, it was engaged in collection activity and thus met the definition of "debt collector" under both the FDCPA and RFDCPA. Id. The District Court rejected this argument and granted Midland Funding summary judgment, dismissing plaintiff's FDCPA and RFDCPA claims because there was no evidence that Midland Funding directly or indirectly collected on the accounts it held. Id. at 1072. In coming to this conclusion, the District Court reasoned that "[t]he undisputed facts establish that Midland Funding merely holds debts and engages MCM to collect on those debts. Plaintiff identifies

no evidence suggesting that Midland Funding directs or otherwise participates in MCM's collection activities or that Midland Funding ever communicated with consumer debtors directly." Id.; *see also* Giotta v. Ocwen Fin. Corp., 2015 WL 8527520, at *9 (N.D. Cal. Dec. 11, 2015) (granting motion to dismiss FDCPA and RFDCPA claims).

As set forth above, the First Amended Complaint does not allege that DNF is engaged in the collection of any consumer debts. Like Midland, DNF is merely a passive debt buyer that places accounts for servicing with third-parties such as ADS. Moreover, other than being listed on the letter as the creditor, DNF has nothing to do with the letter attached to the Complaint as Exhibit A. Id. Plaintiff's own allegations demonstrate that DNF did not send the letter, did not control the letter, or otherwise instruct ADS as to the letters it should, or should not, send to Plaintiff. For these reasons, and the reasons set forth below, the Complaint should be dismissed against DNF.

### III. The FDBPA Is Inapplicable Because DNF Did Not Send The Validation Notice.

Plaintiff's third cause of action alleges that DNF violated the FDBPA because the Validation Notice attached to the Complaint as Exhibit A and sent by ADS (not DNF) did not contain the disclosures required by FDBPA §1788.52(d)(1). (Doc. 40, at ¶¶79-81). This allegation, however, fails as a matter of law. Section 1788.52(d)(1) of the FDBPA provides as follows:

- 13 -

> *A debt buyer shall include with <u>its</u> first written communication with the debtor* in no smaller than 12-point type, a separate prominent notice that provides . . . .

Cal. Civ. Code § 1788.52(d)(1) (emphasis added). "When interpreting a statute, we must start with the language of the statute. Moreover, '[i]n the absence of an indication to the contrary, words in a statute are assumed to bear their ordinary, contemporary, common meaning.'" <u>Metro One Telecommunications, Inc. v. C.I.R.</u>, 704 F.3d 1057, 1061 (9th Cir. 2012) (quoting <u>Walters v. Metro. Educ. Enters., Inc.</u>, 519 U.S. 202, 207 (1997)). Here, the plain meaning of the statute, requires a debt buyer to include certain language in the debt buyer's written communication with the debtor. Assuming for a moment that DNF is a debt buyer, the First Amended Complaint conclusively establishes that DNF did not send any written communication to the Plaintiff. Instead, the communication attached to the Amended Complaint as Exhibit A came from ADS, not DNF. For this simple reason DNF cannot be found to have violated the FDBPA and Plaintiff's third cause of action must be dismissed as a matter of law.

## CONCLUSION

As set forth above, the First Amended Complaint fails to sufficiently allege a factual basis that DNF's principal purpose is debt collection. Accordingly, DNF does not meet the definition of "debt collector" under either the FDCPA or RFDCPA. Moreover, the plain meaning of the FDBPA completely contradicts the allegations in the First Amended Complaint. For these reasons, DNF's Motion to

- 14 -

Dismiss should be granted and the Complaint dismissed in its entirety, with prejudice.

DATED: October 26, 2017

    Respectfully submitted,

    LIPPES MATHIAS WEXLER FRIEDMAN LLP

    By: */s Brendan H. Little*
        BRENDAN H. LITTLE
        *Admitted Pro Hac Vice*
        Attorneys for Defendant
        DNF Associates, LLC