FILED

17 NOV 28 AM 7:51

LC          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PAVLOVICH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACCOUNT DISCOVERY SYSTEMS, LLC, and DNF ASSOCIATES, LLC,<br><br>Defendants. | Case No.: 3:17-cv-00412-AJB-KSC<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO COMPEL DOCUMENTS AND (2) DENYING PLAINTIFF'S REQUEST FOR SANCTIONS**<br><br>**[Doc. No. 53]** |

Before the Court is the parties' Joint Motion re Plaintiff's Motion to Compel Documents. [Doc. No. 53]. Plaintiff seeks responses to Requests For Production ("RFP") 39-42, which ask defendant, DNF Associates ("DNF"), to provide its net worth in 2015, 2016, and at present, as well as any documents that supports the contention, if made, that one percent of DNF's net worth is less than $500,000. [*Id.* at pp. 2-3]. For the reasons discussed in greater detail below, the Court **GRANTS** plaintiff's Motion, and **DENIES** its request for sanctions.

//
//
//

## BACKGROUND

Plaintiff filed the instant action on February 28, 2017, against defendants, Account Discovery Systems, LLC, and DNF Associates, LLC alleging violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA"), and the California Fair Debt Buyers Practices Act ("FDBPA"). [Doc. No. 1]. On October 17, 2017, plaintiff filed an Amended Complaint. [Doc. No. 40]. In addition to the instant Joint Motion [Doc. No. 53], currently pending before the District Court is plaintiff's Motion for Partial Summary Judgment [Doc. No. 44] and defendant DNF's Motion to Dismiss for Failure to State a Claim [Doc. No. 48].

On July 18, 2017, plaintiff served a Request for Production on DNF. [Doc. No. 53, at p. 2]. Requests for Production 39, 40, and 41 request DNF's current net worth, as well as its net worth in 2015 and 2016. [*Id.*]. Request for Production 42 seeks documents supporting defendant's contention, if made, that one percent of defendant's net worth is less than $500,000. [*Id.*]. DNF objected to each RFP, stating the requests "seek[ ] information outside the allegations of the Complaint and the proportional needs of the case." [*Id.* at pp. 2-3]. On August 18, 2017, plaintiff served defendant Notice for a Rule 30(b)(6) Deposition to which he appended renewed Requests for Production. [*Id.* at p. 4]. Among the RFP's attached to the deposition notice were the four identical requests to which DNF had previously objected. [*Id.*]. DNF did make any written objections to the second set of RFP's, and the noticed deposition went forward on September 22, 2017. [*Id.*].

During the September 22, 2017 Rule 30(b)(6) deposition, plaintiff asked the deponent whether he had reviewed the requested financial documents. [*Id.*]. Consistent with DNF's written objections, counsel for DNF informed plaintiff, on the record, that DNF "would not [provide] the requested documents relating to [its] financial worth." [*Id.* at pp. 4-5]. At no point has DNF provided any document relating to its financial net worth to plaintiff. [*Id.* at p. 5].

//
//

## DISCUSSION

### A. Whether Defendant, DNF, Waived Its Right to Object to Plaintiff's Request for Productions

Plaintiff contends DNF waived its right to object to the specific Requests for Production at issue because it failed "to properly assert any objections prior to the [Rule] 30(b)(6) deposition." [*Id.* at p. 6]. Plaintiff argues that while DNF provided written responses to plaintiff's July 18, 2017 Requests for Production [*Id.* at pp. 2-3], DNF's failure to respond to the duplicate RFP's attached to the August 18, 2017 Rule 30(b)(6) deposition notices constitutes waiver. Defendant contends it "properly raised an objection to [p]laintiff's [July 18, 2017] Requests for Production" and that those objections suffice for the August 18, 2017 RFP's because the requested information is identical. [*Id.* at p. 10]. Plaintiff, in turn, rejoins that the Protective Order issued by this Court on August 10, 2017, constituted a "change of circumstances", which warranted renewed objections. [*Id.* at p. 8].

Plaintiff cites no caselaw to support his argument that the failure to object to an identical request for production to which a party has already objected constitutes waiver on untimeliness grounds.[1] Instead, plaintiff merely cites to two Ninth Circuit cases that stand for the unremarkable proposition that a *total* failure to object to a discovery request constitutes waiver under the Feral Rules of Civil Procedure. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992), citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). To the contrary, defendant, DNF, provided its written

---

[1] The Court also notes that it is plaintiff, and not defendant, that has failed to abide by Court rules regarding timeliness. Judge Crawford's Chambers' Rule, V(A) states that the parties must bring any dispute to the attention of the Court "no later than forty-five (45) days after the event giving rise to the dispute." Defendant provided its responses, and objections, to plaintiff's RFP's on August 4, 2017. [Doc. No. 53, at p. 2]. Plaintiff was apprised of the dispute regarding the RFP's on that date. Thus, more than forty-five days elapsed between August 4, 2017 and the filing of the instant Joint Motion on November 3, 2017. The Court exercises its discretion to consider the Motion, but expects the parties to abide by this Court's Local and Chambers' Rules in the future.

3

responses to plaintiff's discovery requests on August 4, 2017. [Doc. No. 53, at pp. 2-3]. That plaintiff then chose to attach to its August 18, 2017, Rule 30(b)(6) deposition notice a set of identical RFP's did not impose an additional burden on DNF. DNF made clear its objections, and plaintiff nonetheless chose not to meet and confer with DNF on the matter until the on-the-record dispute during the Rule 30(b)(6) deposition on September 22, 2017. [*Id.* at pp. 4-5].

Plaintiff raises the additional argument that the Court-approved Protective Order, which was signed on August 10, 2017 [Doc. No. 20], allows "for sensitive financial information to be disclosed." [Doc. No. 52, at p. 8]. Therefore the "change of circumstances" warranted renewed objections by DNF because the Protective Order obviated the basis of its initial objections. [*Id.*]. The Court disagrees. As discussed in greater detail in Section B, *infra*, DNF's objections turned on its assertion that its financial net worth is irrelevant for purposes of class certification, and thus outside the current scope of discovery. [*Id.* at pp. 11-12]. While a protective order might make any decision to turn over financial information more palatable, DNF's argument speaks to the independent question of the appropriate scope of discovery at this time.

The Court finds that defendant, DNF, raised appropriate objections to plaintiff's Requests for Production and therefore turns to the merits of the parties' arguments.

**B. Whether Defendant's Financial Net Worth is Relevant Information Within the Scope of Discovery Before a Motion for Class Certification Has Been Granted**

Plaintiff contends defendant, DNF's, financial net worth is relevant and subject to discovery at this time because it would assist the Court in its determination of whether to grant a motion for class certification. [Doc. No. 53, at p. 7].[2] Pointing to the statutory bases

---

[2] Plaintiff also points to language from this Court's Scheduling Order in support of its argument that DNF's net worth is relevant: "Fact and class discovery are not bifurcated but all class discovery shall be

4

3:17-cv-00412-AJB-KSC

for his claims, plaintiff notes that the damages to which the class is entitled is the lesser of "$500,000 or 1 per centum of the net worth." 15 U.S.C. 1692k(a)(2)(B); *see also* Calif. Civ. Code § 1788.17. "Without this information, [p]laintiff's motion will be defective in that [p]laintiff will not be able to show that there exists sufficient funds to properly compensate each [c]lass member, as well as the amount that each member would receive." [Doc. No. 53, at p. 7].

DNF contends (1) that DNF's pending Motion to Dismiss should be ruled on before this Court requires it provide any financial records; and, (2) its financial net worth is outside the scope of discovery for purposes of class certification, *Marshall v. Bonded Adjustment Co.*, 2011 WL 3882284 (E.D. Wash. Sept. 2, 2011). [Doc. No. 53, at p. 12, 15].

The Court finds that plaintiff is entitled to financial information regarding defendant, DNF's, financial net worth in 2015, 2016, and at present. The Court disagrees with defendant that the pending Motion to Dismiss stays defendant's discovery obligations. While a stay of discovery might be appropriate if the "complaint [were] utterly frivolous, or filed merely for settlement value[,] [s]uch does not appear to be the case here." *See Turner Broadcasting Systems, Inc. v. Tracinda Corp.*, 175 F.3d 554, 555-56 (D. Nev. 1997). Courts have broad discretionary power to control discovery, including the decision to allow or deny discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In sum, discovery shall proceed despite defendant's pending Motion to Dismiss.

Defendant cites to a single case, *Marshall v. Bonded Adjustment Co.*, in support of its argument that DNF's net worth is not relevant for purposes of class certification. The

---

completed by [ ] November 13, 2017." [Doc. No. 21, at p. 1]. Plaintiff is correct in noting discovery is not bifurcated, however he overstates the degree to which current discovery efforts can look beyond a motion for class certification. This Court made clear to the parties in its telephonic Case Management Conference that discovery at this time should be focused on issues surrounding class certification. Thus, information that might be relevant both for purposes of class certification *and* after a potentially-granted motion for class certification would be discoverable information at this time. The Scheduling Order does not, as plaintiff contends, sanction discovery for *all* purposes at this time. The focus of the parties should be on discovery relevant to class certification; plaintiff's argument is overbroad and misstates the true scope of Court approved discovery at this time.

*Marshall* court entered a protective order "precluding discovery of information regarding [defendant's] net worth unless and until a class is certified." *Marshall*, 2011 WL at *2. Notably, the only two subsequent cases that cite to *Marshall* disagreed, and found such financial information relevant for purposes of class certification and discoverable before a motion for class certification is granted. *See Nall v. Allied Interstate, LLC*, 2015 WL 6529233 (S.D. Ind. Oct. 27, 2015); *Green v. Monarch Recovery Management, Inc.*, 997 F.Supp.2d 932, 935 (S.D. Ind. 2014) ("While this court is mindful of the ruling in *Marshall* denying discovery of net worth, this case appears to be an anomaly on the issue of relevancy of net worth."). The *Green* court further noted that where a protective order is already in place to protect "any truly sensitive information", a plaintiff is entitled to discovery regarding a defendant's net worth. *Green*, at 995. Moreover, courts in this District have held, upon a similar review of existing caselaw, that "[i]t is clear that net worth is a relevant area of inquiry in FDCPA class actions even before a class is certified." *Hill v. Asset Acceptance, LLC*, 2014 WL 3014945, at *13 (S.D. Cal. July 3, 2014).[3] This Court agrees that DNF's financial net worth is within the scope of discovery for purposes of class certification. DNF is thus required to answer discovery on this issue.

//
//
//
//
//
//
//

---

[3] *See also Bode v. Encore Receivable Management, Inc.*, 2006 WL 801017 (E.D. Wisconsin Mar. 29, 2006) ("Given that damages may be calculated based on a defendant's net worth, information concerning the defendant's net worth is relevant and potentially useful in determining whether a class action is superior to other methods of adjudication"); *Bakouras v. Hecker*, 2006 WL 3544585 (D. N.J. Dec. 8, 2006) (exemplifying the important role financial net worth information can play in a district court's analysis at the class certification stage).

# CONCLUSION

Based on the reasons set forth above, plaintiff's Motion to Compel is GRANTED. Plaintiff's Motion for Sanctions is DENIED. Defendant's objections to plaintiff's Requests for Productions No.'s 39-42 are overruled, and defendants shall fully and unequivocally respond to the Requests by no later than **December 15, 2017**.

**IT IS SO ORDERED.**

Dated: November 27, 2017

Hon. Karen S. Crawford
United States Magistrate Judge