Alex Asil Mashiri, Esq. (SBN 283798)
Alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, California 92150
Telephone: (858) 348-4938
Fax: (858) 348-4939

Babak Semnar, Esq. (SBN 224890)
Bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN 254860)
Jared@sandiegoconsumerattorneys.com
**SEMNAR & HARTMAN, LLP**
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone (619) 500-4187; Fax (888) 819-8230

Attorneys for Plaintiff, JUAN PAVLOVICH

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PAVLOVICH, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> ACCOUNT DISCOVERY SYSTEMS, LLC.; and DNF ASSOCIATES, LLC. <br> Defendants. <br><br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No. 3:17-cv-00412-AJB-KSC

**JOINT MOTION AS TO PLAINTIFF'S REQUEST TO COMPEL DEFENDANT DNF ASSOCIATES, LLC TO PRODUCE DOCUMENTS REQUESTED, AND PLAINTIFF'S REQUEST FOR SANCTIONS IN THE AMOUNT OF $3,182.00**

**TO THE COURT, THE CLERK OF THE COURT, AND COUNSEL FOR ALL PARTIES HEREIN:**

## I.   STATEMENT OF THE CASE

On September 28, 2017, Plaintiff JUAN PAVLOVICH ("Plaintiff") served Defendant, DNF ASSOCIATIES, LLC ("Defendant DNF") with Plaintiff's Request for Production of Documents, Set Two.  The specific requests at issue are Request for Production of Documents Numbers 1 through 16.  Attached hereto and incorporated herein is a true and correct copy of Plaintiff's Request for Production of Documents, Set Two as **Exhibit "1"**.  The Request required Defendant, DNF to produce documents relating to previous lawsuits that it has filed on its own behalf by and through the assistance of retained law first since February 20, 2016.

On October 31, 2017, Defendant, DNF provided responses consisting of all objections, and failing to produce a single document.  Defendant, DNF's objections were boilerplate in nature claiming that the request was unduly burdensome, overly broad, vague, outside the allegations of the Amended Complaint, having no bearing on the violations of law asserted, and claiming that Defendant DNF does not meet the statutory definition of a debt collector.  Defendant's Response to Plaintiff's Request for Production of Documents, Set Two is attached hereto and incorporated herein as **Exhibit "2"**.

In an attempt to initiate a good faith meet and confer communication and in order to comply with the local rules, Plaintiff's counsel emailed Defense counsel on November 30, 2017 and requested that Defense counsel provide a time when they could have a phone conference to discuss the inadequate and meritless objections provided. As part of Plaintiff's counsel's email, it was explained that Plaintiff's Request related to Defendant, DNF's litigation, conducted on its own behalf throughout the United States by retaining various law firms.  Moreover, it was pointed out that the Person Most Knowledgeable on behalf of Defendant, DNF had testified at his deposition that DNF does not collect debt on its own behalf.  Yet, he had agreed that Defendant DNF had retained law firms to file lawsuits on behalf of Defendant DNF.  A true and correct

1  copy of Plaintiff's counsel's November 30, 2017 email, requesting to have a conference

2  call about Defendant's responses, as required by the local rules, is attached hereto and

3  incorporated herein as **Exhibit "3"**.

4      Moreover, Plaintiff's counsel pointed out that the issue of whether or not

5  Defendant, DNF is a debt collector had been placed in dispute by Defendant DNF when

6  it claimed in its Motion for Summary Judgement that Defendant, DNF does not qualify

7  as a debt collector because it does not collect debt on its own behalf.  Defendant's

8  counsel has stated that it should be noted that it was DNF's position in its motion for

9  summary judgment and in its pending motion to dismiss that DNF does not qualify as

10 a debt collector as defined by the FDCPA because its principal business purpose is not

11 debt collection. Clearly, Plaintiff has a right to rebut the assertion of Defendant DNF

12 by seeking documents that would show that Defendant, DNF does in fact, regularly

13 collect debt on its own behalf.

14     In response to the November 30, 2017 email, Defense counsel, Mr. Little replied

15 and explained that the email should be directed to Mr. Scherer, who  is assisting the

16 case and covering same while Mr. Little was out of the office because his wife gave

17 birth to his first child. Mr. Little had requested that Plaintiff's counsel copy Mr. Scherer

18 on not less than three prior occasions. Plaintiff's counsel forwarded the same to Mr.

19 Scherer and asked him to provide his availability to conduct a phone conference.

20     As of December 4, 2017, no response to Plaintiff's November 4, 2017 was

21 provided and Plaintiff proceeded to prepare the instant Joint Motion to Compel and

22 Request for Sanctions.  Around the same time, on December 5, 2017, Plaintiff emailed

23 Defense counsel a second time and again requested to have a phone conference about

24 Defendant's responses to Plaintiff's Request for Production of Documents, Set No.

25 Two.  A true and correct copy of said email is attached hereto and incorporated herein

26 as **Exhibit "4"**.

27     Receiving no response to Plaintiff's email request for availability, Plaintiff's

28 counsel, located in California called Defense counsel, located in New York, on

December 6, 2017 to conduct a phone conference as to all discovery issues. Plaintiff's counsel was transferred to voicemail and so he left Plaintiff's counsel a detailed message as to his desire to conduct a phone conference for the purposes of discussing the pending discovery issues. Thereafter, Plaintiff's counsel memorialized the message left by sending Defense counsel an email, explaining the same. A true and correct copy of Plaintiff's counsel's email is attached hereto and incorporated herein as Exhibit "5".

In response to Plaintiff's email, Defense counsel indicated a willingness to conduct a phone conference on December 6, 2017. Plaintiff's counsel agreed and the parties have complied with the local rules by scheduling and discussing the issues in dispute in detail prior to filing of the instant motion.

Therefore, Plaintiff has attempted to comply with Honorable Magistrate Judge Karen S. Crawford's Chambers' Rules I and V, and Local Rule 26.1.

In compliance with the Honorable Magistrate Judge Karen S. Crawford's Chambers' Rule D1 and D2 the Request for Documents at issue and the Responses provided are as follows:

**Request for Production of Document, No. 1**

Any and all **DOCUMENTS** that identify the number of law firms that **YOU** have retained to conduct pre-litigation debt collection within the United States since February 20, 2016.

**Response to Request for Production of Document, No. 1**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the number of law firms retained by DNF has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See Gold v. Midland Credit Management. Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet the statutory definition of debt collector because it merely holds debts and engages a third-party to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d

1072, 1078-79 (N.D. Ill. 2014) (a company that (I) purchases consumer debts for the purpose of making money on the debts; (2) acquires the debts at issue after they have been charged off; and (3) hires others to collect on those debts does not fit within the FDCPA's definition of that term does not meet the statutory definition of debt collector); see also <u>Mitchell v. LVNV Funding, LLC</u>, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiffs argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). Notwithstanding and without waiver of same, DNF is not in possession of any document that contains the number of law firms DNF has engaged to act as a debt collector.

**Request for Production of Document, No. 2**

Any and all **DOCUMENTS** that identify the number of law firms that **YOU** have retained since February 20, 2016 to collect on debts that **YOU** previously purchased.

**Response to Request for Production of Document, No. 2**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the number of law firms retained by DNF has no bearing on whether it violated the Fair Debt Collection 19

Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See <u>Gold v. Midland Credit Management, Inc.</u>, 82 F. Supp.3d 1064, 1072 (N.D. Cal. 20 I 5) (defendant does meet the statutory definition of debt collector because it merely holds debts and engages a third-patty to collect on those debts); <u>Kasalo v. Trident Asset Management, LLC</u>, 53 F. Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (a company that (I) purchases consumer debts for the purpose of making money on the debts; (2) acquires the debts at issue after they 26

have been charged off; and (3) hires others to collect on those debts does not fit within the FDCPA's definition of that term does not meet the statutory definition of debt collector); see also <u>Mitchell v. LVNV Funding, LLC</u>, 2017 WL 4303804, *8 (N.D. Ind.

Sept. 28, 2017) (rejecting plaintiff's argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name).  Notwithstanding and without waiver of same, DNF is not in possession of any document that contains the number of law firms DNF has engaged to act as a debt collector.

**Request for Production of Document, No. 3**

Any and all **DOCUMENTS** that identify the number of lawsuits filed by any law firm within the United States since February 20, 2016 whereby **YOU** have been identified as the Plaintiff in an attempt to collect a consumer debt.

**Response to Request for Production of Document, No. 3**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the number of lawsuits retained by DNF has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See Mitchell v. LVNV Funding, LLC, 2017 WL 4303804, *8 (N.D.  Ind. Sept. 28, 2017) (rejecting plaintiff's argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name); see also Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does 19 meet the statutory definition of debt collector because it merely holds debts and engages a third-pm1y to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1 072, 1078-79 (N.D. Ill. 2014) (a company that (I) purchases consumer debts for the purpose of making money on the debts; (2) acquires the debts at issue after they have been charged off; and (3) hires others to collect  on those debts does not fit within  the FDCPA's definition of  that  term does not meet the statutory definition of debt collector). In addition, this Request is unduly burdensome. Notwithstanding and without waiver of same, DNF is not in possession of any document that identifies the number lawsuits listing DNF as a plaintiff.

**Request for Production of Document, No. 4**

Any and all **DOCUMENTS** that identifies the names of each and every law firm that **YOU** have utilized since February 20, 2016 to potentially collect any consumer debt that **YOU** own.

**Response to Request for Production of Document, No. 4**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the identity of the law firms retained by DNF has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet the statutory definition of debt collector because it merely holds debts and engages a third-party to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (a company that (1) purchases consumer debts for the puqJOse of making money on the debts; (2) acquires the debts at issue after they have been charged off; and (3) hires others to collect on those debts does not fit within the FDCPA's definition of that term does not meet the statutory definition of debt collector); see also Mitchell v. LVNV Funding, LLC, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiff's argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). Notwithstanding and without waiver of same, DNF is not in possession of any document that identifies each and every law firm it retained since February 20, 2016.

///

///

///

///

**Request for Production of Document, No. 5**

Any and all **DOCUMENTS** that identifies the names of each and every law firm that **YOU** have consulted with since February 20, 2016 to potentially attempt collection upon any consumer debt that **YOU** own.

**Response to Request for Production of Document, No. 5**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the identity of the law firms consulted by DNF has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection  Practices Act or the California  Fair Debt Buying Act. See Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 20 I5) (defendant does meet the statutory definition  of debt collector  because  it merely holds debts and engages a third-party to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (a company that (1) purchases  consumer debts for the  pmpose  of making  money on  the debts;  (2) acquires  the debts at issue after they have been charged off; and (3) hires others to collect on those debts does not fit within the FDCPA's definition of that term does not meet the statutory definition of debt collector); see also Mitchell v. LVNV Funding, LLC, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiffs argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). In addition, DNF objects because it is unsure what Plaintiff means  by "consulted".  Notwithstanding and without waiver of same, DNF is not in possession of any document that identifies each and every law firm it consulted with since February 20, 2016.

///

///

///

///

**Request for Production of Document, No. 6**

Any and all **DOCUMENTS** that identifies the names of each and every law firm that **YOU** have retained since February 20, 2016 to potentially collect any consumer debt that **YOU** own.

**Response to Request for Production of Document, No. 6**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not prop01tional to the needs of the case. Specifically, the identity of the law firms retained by DNF has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet the statutory definition of debt collector because it merely holds debts and engages a third-pmiy to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (a company that (1) purchases consumer debts for the purpose of making money on the debts; (2) acquires the debts at issue after they have been charged off; and (3) hires others to collect on those debts does not fit within the FDCPA's definition of that tenn does not meet the statutory definition of debt collector); see also Mitchell v. LVNV Funding, LLC, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiff's argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). Notwithstanding and without waiver of same, DNF is not in possession of any document that identifies each and every law firm it retained since February 20, 2016.

**Request for Production of Document, No. 7**

Any and all **DOCUMENTS** that identifies the names of each and every law firm that **YOU** have entered into a contractual relationship with since February 20, 2016 to potentially attempt collection any consumer debt that **YOU** own.

**Response to Request for Production of Document, No. 7**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the identity of the law firms retained by DNF has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet the statutory definition of debt collector because it merely holds debts and engages a third-party to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (a company that (I) purchases consumer debts for the purpose of making money on the debts; (2) acquires the debts at issue after they have been charged off; and (3) hires others to collect on those debts does not fit within the FDCPA's definition of that term does not meet the statutory definition of debt collector); see also Mitchell v. LVNV Funding. LLC, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiffs argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). DNF is withholding documents responsive to this Request.

**Request for Production of Document, No. 8**

Any and all **DOCUMENTS** that identify the number of accounts that **YOU** have placed with a law firm for collection since February 20, 2016.

**Response to Request for Production of Document, No. 8**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the number of accounts placed with a law firm by DNF has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See Gold v. Midland Credit Management. Inc., 82 F. Supp.3d I 064, I 072 (N.D. Cal. 2015) (defendant does meet

the statutory definition of debt collector because it merely holds debts and engages a third-party to collect on those debts); <u>Kasalo v. Trident Asset Management, LLC</u>, 53 F. Supp.3d 1072. 1078-79 (N.D. Ill. 2014) (a company that (I) purchases consumer debts for the pm11ose of making money on the debts; (2) acquires the debts at issue after they have been charged off; and (3) hires others to collect on those debts does not fit within the FDCPA's definition of that term does not meet the statutory definition of debt collector); see also <u>Mitchell v. LVNV Funding, LLC</u>, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiffs argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). In addition, DNF objects in that the Request is unduly burdensome. DNF is withholding documents responsive to this Request.

**Request for Production of Document, No. 9**

Any and all **DOCUMENTS** that identify the number of accounts that **YOU** have sent to any law firm for collection since February 20, 2016.

**Response to Request for Production of Document, No. 9**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the number of accounts placed with a law firm by DNF has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See <u>Gold v. Midland Credit Management, Inc.</u>, 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet the statutory definition of debt collector because it merely holds debts and engages a third-party to collect on those debts); <u>Kasalo v. Trident Asset Management, LLC</u>, 53 F. Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (a company that (I) purchases consumer debts for the purpose of making money on the debts; (2) acquires the debts at issue after they have been charged off; and (3) hires others to collect on those debts does not fit within the FDCPA's definition of that term does not meet the statutory definition

of debt collector); see also <u>Mitchell v. LVNV Funding, LLC</u>, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiffs argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). In addition, DNF objects in that the Request is unduly burdensome. DNF is withholding documents responsive to this Request.

**<u>Request for Production of Document, No. 10</u>**

Any and all **DOCUMENTS** that identify the amount of money that any law firm has obtained on **YOUR** behalf since February 20, 2016.

**<u>Response to Request for Production of Document, No. 10</u>**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the amount of money recovered by a law firm on behalf of DNF has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See <u>Gold v. Midland Credit Management, Inc.</u>, 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet the statutory definition of debt collector because it merely holds debts and engages a third-party to collect on those debts); <u>Kasalo v. Trident Asset Management, LLC</u>, 53 F. Supp. 3d 1072, 1078-79 (N.D. III. 2014) (a company that (I) purchases consumer debts for the purpose of making money on the debts; (2) acquires the debts at issue after they have been charged off; and (3) hires others to collect on those debts does not fit within the FDCPA's definition of that term does not meet the statutory definition of debt collector); see also <u>Mitchell v. LVNV Funding, LLC</u>, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiff's argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). In addition, DNF objects in that the Request is unduly burdensome. DNF is withholding documents responsive to this Request.

**Request for Production of Document, No. 11**

Any and all **DOCUMENTS** that identify the name of each and every lawyer who has represented **YOU** in a debt collection lawsuit since February 20, 2016.

**Response to Request for Production of Document, No. 11**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not prop01iional to the needs of the case. Specifically, the identity of the law firms retained  by DNF has no bearing on whether it violated the Fair Debt Collection Practices  Act, the Rosenthal  Fair  Debt  Collection  Practices Act or the California Fair Debt Buying Act. See Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet  the statutory definition of debt collector because it merely holds debts and engages a third-party to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (a company that (l) purchases consumer debts for the purpose of making money on the debts; (2) acquires the debts at issue after they have been  charged off; and  (3) hires others  to collect  on  those  debts  does  not  fit within the FDCPA's definition of that term does not meet the statutory definition of debt collector);  see also Mitchell v. LVNV Funding, LLC, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting  26 plaintiff's argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). DNF is withholding documents responsive to this Request.

**Request for Production of Document, No. 12**

Any and all **DOCUMENTS** that identify the State where **YOU** have been named a Plaintiff in an attempt to collect a consumer debt.

**Response to Request for Production of Document, No. 12**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the

identity of each State where DNF has been named as a plaintiff has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet the statutory definition of debt collector because it merely holds debts and engages a third-party to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (a company that (I) purchases consumer debts for the purpose of making money on the debts; (2) acquires the debts at issue after they have been charged off; and (3) hires others to collect on those debts does not  fit within  the FDCPA's definition of that term does not meet the statutory definition  of debt collector); see also Mitchell v. LVNV Funding, LLC, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiffs argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). In addition, this Request is unduly burdensome. DNF is withholding documents responsive to this Request.

**Request for Production of Document, No. 13**

Any and all **DOCUMENTS** that identify the States where **YOUR** attorneys have contacted a consumer in an attempt to collect a debt on **YOUR** behalf.

**Response to Request for Production of Document, No. 13**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the identity of the States where attorneys have contacted consumers has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet  the statutory  definition of  debt collector because it merely holds debts and engages a third-party to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (a company  that (I) purchases

consumer debts for the pmpose of making money on the debts; (2) acquires the debts at issue after they have been charged off; and (3) hires others to collect on those debts does not fit within the FDCPA's definition  of that term does not meet the statutory definition  of  debt collector); see also Mitchell v. LVNV Funding, LLC, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiff's argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). Notwithstanding and without waiver of same, DNF is not in possession of any document that identifies the states where an attorney hired by DNF contacted a consumer.

**Request for Production of Document, No. 14**

Any and all **DOCUMENTS** that identify the number of lawsuits filed on **YOUR** behalf by any law firm to collect a debt since February 20, 2016.

**Response to Request for Production of Document, No. 14**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the number of lawsuits filed by DNF has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See Mitchell v. LVNV Funding, LLC, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiff's  argument  that  the defendant-debt buyer  met  the  statutory definition of debt collector because the defendant filed collection lawsuits it its own name); see also Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet the statutory definition of debt collector because it merely holds debts and engages a third-party to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d I 072, I078-79 (N.D. Ill. 2014) (a company that (I) purchases consumer debts for the purpose of making money on the debts; (2) acquires  the debts at issue after  they have been charged  off;  and  (3) hires others to  collect on those debts does not fit within  the FDCPA's definition of that  term does not  meet the statutory definition of

1  debt collector). In addition, this Request is unduly burdensome. DNF is withholding
2  documents responsive to this Request.

3

4  **Request for Production of Document, No. 15**

5  Any and all **DOCUMENTS** that identify the number of lawsuits filed on **YOUR** behalf
6  by any law firm to collect a consumer debt since February 20, 2016.

7  **Response to Request for Production of Document, No. 15**

8  DNF objects to this Request as it seeks information outside the allegations of the
9  Amended Complaint and not prop01iional to the needs of the case. Specifically, the
10  number of lawsuits filed by DNF has no bearing on whether it violated the Fair Debt
11  Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the
12  California Fair Debt Buying Act. See Mitchell v. LVNV Funding, LLC, 2017 WL
13  4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiff's argument that the
14  defendant-debt buyer met the statutory definition of debt collector because the
15  defendant filed collection lawsuits it its own name); see also Gold v. Midland Credit
16  Management, Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet
17  the statutory definition of debt collector because it merely holds debts and engages a
18  third-party to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F.
19  Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (a company that (1) purchases consumer debts
20  for the purpose of making money on the debts; (2) acquires the debts at issue after
21  they have been charged off; and (3) hires others to collect on those debts does not
22  fit within the FDCPA's definition of that term does not meet the statutory definition
23  of debt collector). In addition, this Request is unduly burdensome. DNF is withholding
24  documents responsive to this Request.

25  **Request for Production of Document, No. 16**

26  Any and all **DOCUMENTS** that identify the number of times a consumer has been
27  contacted on **YOUR** behalf by any law firm since February 20, 2016.

28  **Response to Request for Production of Document, No. 16**

DNF objects to this Request as it seeks information outside the allegations of the Amended Complaint and not proportional to the needs of the case. Specifically, the number of times a consumer has been contacted has no bearing on whether it violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act or the California Fair Debt Buying Act. See Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064, 1072 (N.D. Cal. 2015) (defendant does meet the statutory definition of debt collector because it merely holds debts and engages a third-pm1y to collect on those debts); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (a company that (I) purchases consumer debts for the purpose of making money on the debts; (2) acquires the debts at issue after they have been charged off; and (3) hires others to collect on those debts does not fit within the FDCPA's definition of that term does not meet the statutory definition of debt collector); see also Mitchell v. LVNV Funding, LLC, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017) (rejecting plaintiff's argument that the defendant-debt buyer met the statutory definition of debt collector because the defendant filed collection lawsuits it its own name). In addition, DNF objects on the basis that this Request is unduly burden and overly broad and vague. DNF is unsure what consumer Plaintiff is referring to.

**Plaintiff's Position:**

The Requested Documents Should be Produced:

The Court is requested to take notice of the Motion for Summary Judgement filed by Defendant, DNF.  In its motion, Defendant DNF argues that it does not qualify as a debt collector because it does not collect debt on its own behalf and as such Plaintiff cannot meet a necessary element of its First and Second Cause of action, a violation of the Fair Debt Collection Practices Act (FDCPA) and the Rosenthal Fair Debt Collection Practices Act (RFDCPA).  Clearly, by and through its Motion for Summary Judgement, Defendant DNF must acknowledge the importance of evidence, and thereby relevance of this information in allowing Plaintiff to establish that Defendant, DNF does in fact

qualify as a debt collector because it collects debt on its own behalf.  The request herein attempts to obtain documents that would show that Defendant, DNF regularly hires numerous law firms throughout the United States to engage in pre-litigation debt collection as well as formal litigation on behalf of Defendant, DNF.  It is settled law that such evidence can be used to show that Defendant is in fact a debt collection under both FDCPA as well as RFDCPA.  See *Heintz v. Jenkins*, *infra*; *Donohue v. Quick Collect, Inc.*, *infra*; *McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*, *infra*.

Furthermore, it is well-settled that debt collection activities taken by a law firm are as if they are taken by the client itself.  *Fox v. Citicorp. Credit Services* (9th Cir. 1994) 15 F.3D 1507, 1516 ("In order to give reasonable effect to section 1692i, we must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken.").

As such, Plaintiff's request is not only relevant to establishing an element of Plaintiff's First and Second cause of action, but it's relevance has been emphasized by Defendant's attempt at seeking an affirmative relief by claiming that there is a lack of evidence to show that Defendant, DNF engages in debt collection.

Finally, it should be pointed out that Plaintiff has a good faith basis to believe that this information does in fact exist and Defendant, DFN has the ability to obtain it without much of a burden.  Relevant portions of Mr. Maezka's deposition transcript is incorporated herein and attached hereto as **Exhibit "6"**.  In summary, DNF's person most knowledgeable, Mr. Maezka, testified to the following:

-   Aside from buying debts with the principal purposes to collect on them, Defendant DNF has also filed numerous debt collection lawsuit against consumers around the country.  (Maczka Depo at pg 57:7-10)

    -   Defendant, DNF has had complaints filed in its name.  (Maczka Depo at pgs. 126:9-23, 127:4-8)

    -   Lawsuits filed by DNF are for collection of consumer debts.  (Maczka Depo at pg 127:9-12)

- The outsource department would have information on the number of suits, etc. (Maczka Depo at pg. 62:23-63:20)

**<u>Defendant's Position:</u>**

At the outset, this Court has previously cautioned counsel that "[t]he scheduling Order does not, as plaintiff contends, sanction discovery for *all* purposes at this time. The focus of the parties should be on discovery relevant to class certification." Doc. 63, p. 4-5, fn. 2. Despite the Court's statement, Plaintiff continues to seek discovery outside the realm of class certification and fails to even attempt to articulate a basis why the information requested is relevant to the issue of class certification. It is DNF's position that whether its lawyers file lawsuits on its behalf has no bearing on the number of California residents who received a letter from Defendant Account Discovery Systems.[1] For this reason alone, Plaintiff's motion should be denied. Notwithstanding, if the Court is going to consider the merits of Plaintiff's motion, the motion should be denied for the following five reasons.

First, at the outset, on November 3, 2017, the United States District Court for the District Oregon determined that DNF does not meet the statutory definition of debt collector codified in the Fair Debt Collection Practices Act and dismissed the lawsuit against it. <u>McAdory v. DNF Associates, LLC</u>, 2017 WL 5071263 (D. Oregon Nov. 3, 2017). In reaching the conclusion that the FDCPA does not apply to DNF, the Court stated "[d]ebt purchasing companies like DNF who have no interactions with debtors and merely contract with third parties to collect on debts they have purchased simply do not have the principal purpose of collecting debts. Therefore these companies must fall outside the purview of the FDCPA." <u>Id.</u> at *3. For this reason and the reasons outlined in DNF's motion to dismiss the Amended Complaint (Doc. 48), the Amended Complaint against DNF should be dismissed. Of note, the District in <u>McAdory</u> heard oral argument where plaintiff's counsel argued that the same

---

[1] Plaintiff's Amended Complaint seeks to certify a class of people located in California who received a similar letter as the Plaintiff purportedly did. Doc. 40, ¶ 46.

1   lawsuits Plaintiff takes issue with here establish that DNF is a debt collector under the

2   FDCPA. See a copy of the transcript of oral argument attached to the Declaration of

3   Brendan H. Little, Exhibit A, p. 16. The District Court, however, ignored this

4   argument and dismissed the complaint against DNF.

5          Second, Plaintiff's motion to compel seeks documents to prove that DNF's

6   lawyers filed lawsuits on its behalf.  However, as set forth in detail below, the fact

7   that a debt-buyer hires third-party law firms to file lawsuits has no bearing on whether

8   the debt buyer meets the statutory definition of debt collector. *See* Mitchell v. LVNV

9   Funding, LLC, 2017 WL 4303804, *8 (N.D. Ind. Sept. 28, 2017). In Mitchell, the

10  parties agreed that LVNV was the owner of the defaulted debt and engaged a third-

11  party to collect the debt. Plaintiff argued that because LVNV filed collection lawsuits

12  in its name, LVNV met the statutory definition of debt collector. The Court rejected

13  plaintiff's argument and dismissed the lawsuit against LVNV holding that LVNV was

14  not a debt collector as defined in the statute. Accordingly, whether third-party lawyers

15  retained by DNF commenced litigation on behalf of DNF is of no consequence in this

16  litigation. Likewise, as noted above, the same argument was made by the plaintiff in

17  McAdory and rejected by the Court.

18         Third, notwithstanding the foregoing, DNF's corporate representative readily

19  admitted in his deposition that third-party lawyers retained by DNF commenced

20  lawsuits on behalf of DNF. Given that DNF has admitted its lawyers have filed

21  lawsuits on its behalf, Plaintiff's Requests were not served to discover whether DNF

22  files lawsuits, but to harass DNF. In addition, information concerning the identity of

23  the lawyers (Requests 1, 2, 4, 5, 6, 7, 11), the number of lawsuits (Requests 3, 9, 12,

24  14, 15), the venue of the lawsuits (Request 13) or the amount of money recovered by

25  DNF's lawyers (Request 10) have no bearing on whether DNF meets the statutory

26  definition of debt collector. More importantly, Plaintiff has failed to cite any

27  decisional authority to support his position that the information requested is

28  discoverable or is proportional to his needs of the case. For example, Plaintiff has

failed to demonstrate that filing a certain number of lawsuits or engaging a specific law firm means DNF meets the statutory definition of debt collector.

Fourth, for many of the Requests outlined above, DNF has indicated that it does not possess responsive documentation. Accordingly, DNF cannot be compelled to provide documentation that it does not possess. Specifically, DNF indicated that that it did not possess responsive material for the following Requests: 1, 2, 3, 4, 5, 6, and 13.

Fifth, the documentation concerning the number of lawsuits commenced by DNF's lawyers is unduly burdensome because DNF would be required to contact its counsel in different jurisdictions and request copies of pleadings - assuming that DNF's counsel still possesses copies of the lawsuits. Given that the identity of the specific lawsuits has no bearing on allegations in the Complaint or DNF's defenses, the Requests concerning the number of lawsuits should be rejected as unduly burdensome.

## II.   PLAINTIFF'S REQUEST FOR SANCTIONS

When a party is forced to move to compel another party to substantially comply with discovery, monetary sanctions shall be awarded.  Federal Rule of Civil Procedure 37 sets forth the various sanctions a court can impose on a party for failure to "obey an order to provide or permit discovery." Fed. R. Civ. Proc. 37(b)(2)(A). The Rule provides:

> Instead of or in addition to the orders above, the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. Proc. 37(b)(2)(C) (emphasis added).

Sanctions for violations of Rule 37 may be imposed for negligent conduct. *See* Fed.R.Civ.P. 37(b); *Fjelstad v. American Honda Motor Co., Inc*., 762 F.2d 1334, 1343 (9th Cir. 1985); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). The lack of bad faith does not immunize a party or its attorney from sanctions, although a finding of good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust and the severity of the sanctions. *See Hyde & Drath*, 24 F.3d at 1171.

Plaintiff's counsel has engaged in good faith attempts at informal resolution, as well as putting Defense counsel on notice that sanctions will be requested if Defendant DNF continues to defiantly refuse its discovery obligations.

No success has been achieved in attempting to convince Defendant DNF to provide the requested documents at issue.  Therefore, Plaintiff has been left with no other option but to seek the assistance of the Court, and is therefore entitled to monetary sanctions for the time spent in seeking formal enforcement to compel Defendant DNF's good faith participation.    In pursuit of this matter, Mr. Babak Semnar has spent 7.4 hours.  Mr. Semnar has previously been awarded $430.00 per hour as a reasonable

hourly rate for his time spent on consumer litigation matters, including violations of the FDCPA and Rosenthal Act.  Therefore, Plaintiff requests the Court to award Plaintiff $3,182.00 as sanctions.  (*See* Exhibit 7 & Declaration of Mr. Babak Semnar, ¶¶ 12-18).

**Defendant's Position**:

Plaintiff seeks sanctions pursuant to FED. R. CIV. P. 37(b)(2)(A), which empowers this Court to award sanctions if a party or person does not comply with this Court's Order concerning discovery. This application must be denied because this Court has never issued an Order directing DNF to produce the documents at issue in this Motion.

To the extent Plaintiff is seeking sanctions pursuant to FED. R. CIV. P. 37(a)(5)(A), the application should nonetheless be denied. Rule 37(a)(5)(A)(ii) permits this Court to decline to impose a sanction if DNF's "nondisclosure, response, or objection was substantially justified." Here, DNF submits that its objection was substantially justified because (1) it has already been determined that DNF is not a debt collector, which is the subject of its pending motion to dismiss the Amended Complaint; (2) in McAdory, *supra*, the District Court rejected plaintiff's argument that DNF's third-party lawyers file lawsuits on its behalf qualifies DNF as a debt collector (3) in Mitchell, *supra*, a District Court has determined that whether a debt buyer's lawyers file lawsuits on its behalf has no bearing on whether the debt buyer qualifies as a debt collector as defined by the statute; and (4) DNF has already admitted that it hires third-party lawyers file lawsuits and Plaintiff has failed to demonstrate that the number of lawsuits, the identity of the law firms and venue of the lawsuits has any bearing on a fact or consequence in this litigation.

Finally, to the extent the Court is considering awarding a discovery sanction, Plaintiff has failed to submit any factual basis that justifies his hourly rate of $430/hour. In addition, DNF asserts that Plaintiff's request to be awarded 7.4 hours in fees for drafting Plaintiff's portion of this motion is excessive.

1
2

### III.   CONCLUSION

3         Accordingly, for the reasons provided above, Plaintiff respectfully requests that
4    the Court compel Defendant DNF to produce documents relating to its collection
5    activity, by and through its various law firms throughout the United States, as requested
6    in Plaintiff's Request for Production of Documents, Set Two, Requests No. 1 through
7    16.  Moreover, Plaintiff requests that an order that Defendant DNF to pay sanctions in
8    the amount of $3,182.00.

9         DNF requests that Plaintiff's motion to compel and requests for sanctions be
10   denied in its entirety.

11   DATED:   12-13-17            **SEMNAR & HARTMAN, LLP**

12                               By: */s/ Babak Semnar*
13                               Babak Semnar, Esq.
                                 Attorneys for Plaintiff,
14                               JUAN PAVLOVICH
15

16   DATED:   12-13-17            **LIPPES MATHIAS WEXLER FRIEDMAN LLP**
17
                                 By: /s Brendan H. Little
18                               Brendan H. Little, Esq.
                                 Admitted Pro Hac Vice
19
20
21
22
23
24
25
26
27
28