

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUAN PAVLOVICH, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ACCOUNT DISCOVERY SYSTEMS, LLC; and DNF ASSOCIATES, LLC,

Defendants.

Case No.: 3:17-cv-00412-AJB-KSC

**ORDER (1) DENYING PLAINTIFF'S MOTION TO COMPEL AND (2) DENYING PLAINTIFF'S REQUEST FOR SANCTIONS**

**[Doc. No. 65]**

Before the Court is the parties' Joint Motion for resolution of a discovery dispute. [Doc. No. 65]. Plaintiffs request this Court compel defendant, DNF Associates, LLC ("DNF"), to provide responsive documents to multiple requests for production. [*Id.*]. Defendants object on several grounds, including the argument that the documents requested are outside the scope of discovery authorized by the Court at this time. [*Id.* at pp. 19-20]. Plaintiff's Motions are **DENIED** for the reasons discussed in greater detail, below.

## DISCUSSION

This Court issued a prior Order granting plaintiff's Motion to Compel on November 28, 2017. [Doc. No. 63]. Therein, the Court approved discovery regarding DNF's financial net worth because it is relevant to an eventual motion for class certification, and took care

to note that "discovery at this time should be focused on issues surrounding class certification." [*Id.* at p. 4, n. 2]. However, the fact that some information relevant to class certification might also be relevant to the underlying merits is not a basis for a party to refuse engaging in discovery.

Plaintiff requests that this Court compel defendant, DNF, to respond to Requests for Production 1-16 seeking information regarding DNF's practice of retaining independent law firms to collect on debts it owns. [Doc. No. 65, at pp. 4-17]. Plaintiff contends this information is critical to rebut defendant's arguments in its Motion for Summary Judgment. [*Id.* at p. 17]. Plaintiff's Motion again misconstrues and overstates the appropriate scope of discovery at this time. The Court's prior Order resolving a discovery dispute explained that plaintiff "overstate[d] the degree to which current discovery efforts can look beyond a motion for class certification." [Doc. No. 63 at p. 4, n. 2]. Plaintiff fails to explain how the requested information is relevant to *class certification*, and fails to cite relevant case authority to support his position.[1] The Court cannot see any reasonable use of the requested information for purposes of seeking class certification.

Moreover, DNF has filed a single Motion for Summary Judgment in this case, and it was dismissed as moot by the District Court on October 20, 2017. [Doc. No. 42]. The only pending Motions for Summary Judgment are those filed by plaintiff against defendant, Account Discovery Systems ("ADS"), and by ADS against plaintiff. [Doc. Nos. 44, 60]. Notably defendant ADS acknowledges it is a debt collector as defined in the FDCPA [Doc. No. 60 at pp. 5-11], which suggests erroneous drafting by plaintiff in the instant Motion. The Court recognizes that DNF denies it is a debt collector under the FDCPA in its Motion

---

[1] Plaintiff cites to a series of cases to support his argument that evidence of an entity hiring a third party to collect on owed debts is relevant to prove the hiring entity is a debt collector under the FDCPA. [Doc. No. 65 at p. 18]. Despite citing cases which are irrelevant to the pertinent question of whether the requested information bears on a motion for class certification, plaintiff also fails to provide any pincite for his cases. [*Id.*].

to Dismiss filed on October 26, 2017.[2] [Doc. No. 48]. Whether DNF's Motion to Dismiss is the Motion plaintiff references in his portion of the instant Joint Motion is unclear. Regardless, plaintiff does not explain how his discovery requests are made relevant by a dismissed Motion, or address whether he seeks additional discovery in light of the pending Motion to Dismiss. Further, for the reasons stated above, the discovery at issue is premature as it is not relevant to the issue of class certification.

## CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED plaintiff's Motion to Compel is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's Motion for Sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: January 10, 2018

Hon. Karen S. Crawford
United States Magistrate Judge

[2] DNF relies, *inter alia*, on *Mitchell v. LVNV Funding, LLC*, 2017 WL 4303804 (N.D. Ind. Sept. 28, 2017) both in its objections to plaintiff's Requests for Production and in its arguments section of the instant Motion. One day after this Motion was filed, however, the *Mitchell* Court, on motion for reconsideration, reversed its ruling on the exact issue upon which defendant relies in its objections and briefing. *Mitchell*, 2017 WL 6406594 (N.D. Ind. Dec. 15, 2017). "Though the Plaintiff has provided additional evidence not present in other cases regarding LVNV's principal purpose, resolution of this issue requires weighing the evidence, including drawing inferences resulting from that evidence, to determine if it is sufficient to find that LVNV is a debt collector. [ . . . . ] This factual finding is reserved for the trier of fact." *Id.* at *6. The legal question at issue in *Mitchell* was irrelevant for deciding this Motion, and the decision is not controlling precedent for this Court. Accordingly, this case is no longer good law.