UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Pavlovich,<br><br>          Plaintiff,<br><br>v.<br><br>Account Discovery Systems, LLC and DNF Associates, LLC,<br><br>          Defendants. | Case No.: 17-cv-0412-AJB-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 60), and**<br><br>**DENYING ALL OTHER MOTIONS AS MOOT (Doc. Nos. 44, 48, 67, 77, 79).** |

Before the Court are various motions: two summary judgment motions, (Doc. Nos. 44, 60), a dismissal motion, (Doc. No. 48), two class certification motions, (Doc. Nos. 67, 77), and a motion to strike a declaration, (Doc. No. 79). Because the Court finds plaintiff failed to establish an underlying legal violation, the Court **GRANTS** defendant Account Discovery Systems, LLC's motion for summary judgment, (Doc. No. 60), and **DENIES AS MOOT** all other motions.

### I.  BACKGROUND

Plaintiff Juan Pavlovich brought a lawsuit against defendants DNF and Account Discovery Systems ("ADS") for violations of the FDCPA, the Rosenthal Act, and the California FDBPA (against defendant DNF only). After Pavlovich accrued a debt, it was sold to DNF as a charge-off. (Doc. No. 40 at 5.) DNF then hired ADS to collect on the debt. (*Id.* at 6.) ADS sent Pavlovich a Validation Notice that he had a $1,997.79 balance

1

owed to DNF. (Doc. No. 1-2 at 1.)[1] The letter Pavlovich received forms the basis of his complaint. On the second page of the notice, it states:

> "If applicable" INTEREST CHARGES & SETTLEMENTS – At our discretion, a statement or correspondence **may include post charge off interest** and/or offer a settlement amount less than the legal now due balance.

(*Id.* at 2) (emphasis added). The bolded portion of the sentence, Pavlovich alleges, violates the law because it "is not only unclear, but it is also false, misleading, deceptive, and confusing, and can be reasonably read to have two or more different meanings, one of which is inaccurate, all of which render the Validation Notice in violation of 15 U.S.C. 1692g(a), 1692e, 1692e(2)(A), and 1692(e)(10)." (Doc. No. 64 at 6–7.)

## II. LEGAL STANDARDS

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. If the moving party carries its initial burden, the burden of production shifts to the nonmoving party to set forth facts showing a genuine issue of a disputed fact remains. *Id.* at 330. When ruling on a

---

[1] Although Doc. No. 1 is no longer the operative complaint, Plaintiff failed to attach the letter to the amended complaint. In the interests of justice, the Court will consider the exhibit and reference it as if it were attached to the amended complaint.

summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.  DISCUSSION

ADS argues summary judgment is appropriate because the "Validation Notice clearly and unequivocally provides the amount of Plaintiff's debt as of the date of the Validation Notice and does not contain anything that would cause the least sophisticated debtor" to believe otherwise. (Doc. No. 60-1 at 9.) Pavlovich asserts ADS and DNF violated these principles because it "is unclear whether the 1,997.73 debt" listed on the Validation Notice "included the post-charge off interest or not." (Doc. No. 40 ¶ 38.) Since neither DNF nor ADS "was adding interest post charge-off to the amount alleged . . . there was not any basis at all for including any claim of right to include[e] post charge-off interest." (*Id.* ¶¶ 39–40.)

Under the Fair Debt Collection Practices Act ("FDCPA"), a debt collector must send the consumer a notice including the amount of the debt. 15 U.S.C. § 1692g(a). The notice may not include "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). A debt collector violates this rule by "use[ing] . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10). The amount must be clearly stated as to not confuse the least sophisticated consumer. *Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). The least sophisticated consumer includes "'consumers of below average sophistication or intelligence,' or those who are 'uninformed or naive,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Duffy v. Landberg*, 215 F.3d 871, 874–75 (8th Cir. 2000)).

In interpreting the contested language—"may include post charge off interest"—the Court looks not only at those words, but to the context of the surrounding paragraph for

meaning. The Court includes the entire section containing the offending language for clarity:

> **PAYMENTS** – Visit www.payadsllc.com to pay online with a credit card or for additional information regarding payments by personal check, money order, certified check, bank wire, check by phone, Western Union or Money Gram. **DISPUTED PAYOFFS** – If you are sending a payoff amount that you intend to be payment in full but is less than the now due balance, you must mail your disputed payoff remittance to Account Discovery Systems, LLC Disputed Payoff, 495 Commerce Drive, Suite 2, Amherst NY 14228. "**If Applicable**" **INTEREST CHARGES & SETTLEMENTS** – At our discretion, a statement or correspondence <u>may include post charge off interest</u> and/or offer a settlement amount less than the legal now due balance. Account Discovery Systems, LLC, LLC [sic] reserves the right to withdraw an offer of settlement for less than the full payoff amount any time after the settlement offer period expires.

(Doc. No. 1-2 at 2) (bolding emphasis in original, however, the Court underlined the contested provision). Taking Pavlovich's argument as true would require the Court to overlook the statements coming before and after the offending language. Looking to the framework of the paragraph overall, the language concerns payments and the payoff amount. First, the Court notes the language after the contested portion: "and/or offer a settlement amount less than the legal now due balance." If Pavlovich's assertion that the challenged statement could imply ADS may bill the consumer for additional post charge off interest in the future, then the second half of the sentence would be unintelligible. The phrase "the legal now due balance" gives context to the entire sentence and explains how ADS arrived at the amount due listed on the front of the notice.

The best way to illustrate this is with an example. A consumer has a credit card balance of $1,500 and defaults on his payments. The lender sells this defaulted debt to another company, and that company hires a third-party company to collect on it. The third-party sends the consumer a Validation Notice, which alerts the consumer their debt has been transferred and is now being collected on. The notice states an amount owed, which could be one of three options. First, it could be for the exact amount initially owed, $1,500. Second, it could be for a larger amount, say $1,997, which includes post charge off interest

4

charged by the original creditor or the debt buyer. Or, third, it could be for a smaller amount, say $1,000, reflecting an intent to "offer a settlement amount less than the legal now due balance."

In this case, defendants argue that Pavlovich has never disputed the amount owed. But regardless of whether the $1,997.73 contains a discount, post charge off interest, or is the original amount owed, the phrase simply cannot be interpreted as Pavlovich suggests. Had the statement alluded to ADS adding interest at some point in time should Pavlovich fail to pay off the amount by a certain deadline, then his interpretation would be sensible. However, at no point does the statement suggest that ADS may add additional interest above and beyond the amount owed currently: $1,997. That amount is indeed stated twice on the first page of the notice in absolute terms. (Doc. No. 1-2 at 1 ("Balance: $1,997.73;" "Our client, DNF Associates LLC has placed the above referenced account in the amount of $1,997.73 with us for collections.").)

By way of comparison, the types of statements courts have found violate the FDCPA present clearly confusing terms, unlike the ones included here. In one case, the letter sent to the consumer stated there was an "unpaid *principal* balance," but did not state the interest owed, and included language that the amount due on the debt "changes daily." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark, LLC*, 214 F.3d 872, 875 (7th Cir. 2000). The Seventh Circuit held this violated the FDCPA because "[t]he unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Id.* The Court also noted the letter failed to comply with the law because the total amount due, including interest, was never included. *Id.* In another case, the letter sent to the consumer stated the balance owed and provided an 800 number to obtain the most recent balance information. *Chuway v. Nat'l Action Fin. Services, Inc.*, 362 F.3d 944, 947 (7th Cir. 2004). The Court found the letter violated the FDCPA because it gave no explanation as to why the amount may change. *Id.* Finally, a Court found a letter violated the FDCPA because one month it stated a balance, but the next month, another letter specified the same balance but added language stating the amount "may change daily if

interest is accruing." *Dupuy v. Weltman*, 442 F. Supp. 2d 822, 827 (N.D. Cal. 2006). The Court held the second letter could—to the least sophisticated consumer—contradict the first letter regarding the actual amount due. *Id.* at 827–28. However, unlike these cases, ADS's notice does not include any language demonstrating his balance was changing, list a number to call for the most updated amount owed, mention daily interest is or may be accruing, or contradict previous notices. ADS's letter contained a static balance owed and nothing in the notice suggests otherwise.

Finally, the Court notes the contested language appears as a defined term, with the words—"if applicable"—in quotes. (*Id.* at 2.) First, the plain meaning of the words "if applicable" demonstrate that they are qualifiers. Moreover, the fact that they are in quotes suggests their qualified nature as well. Yet nowhere on the front of the notice does the term "if applicable" appear. (*See id.* at 1.) Thus, logic dictates that term would be irrelevant altogether to Pavlovich's notice.

## IV. CONCLUSION

The Court concludes, based on its interpretation of the language stated on the notice, that there is no ambiguity in ADS's letter—even to a least sophisticated consumer. The Validation Notice is direct and unequivocal. Looking at the qualifying language, the contested statement does not apply to the $1,997.73 due, as listed on page one of the notice. The amount due was clearly asserted without any modifiers, asterisks, or reference to footnotes. The contested terms, in this case, serve to explain why the amount listed as due on the notice is that specific amount—as it may include post charge off interest causing the balance to be greater than initially owed, or it may include an offer of settlement causing the balance to be less than initially owed. Finally, the language does not suggest the balance will increase over time, language other courts have found violate the FDCPA. Thus, the Court finds there was no underlying violation and **GRANTS** ADS's summary judgment motion. (Doc. No. 60.)

Because there is no underlying violation, the Court **DENIES** as moot DNF's dismissal motion, (Doc. No. 48), both class certification motions, (Doc. Nos. 67, 77),

6

Pavlovich's partial motion for summary judgment, (Doc. No. 44), and ADS's motion to strike plaintiff's declaration, attached to his class certification reply brief, (Doc. No. 79).

**IT IS SO ORDERED.**

Dated: April 3, 2018

Hon. Anthony J. Battaglia
United States District Judge